Seth M. Lehrman (178303)
seth@epllc.com
EDWARDS POTTINGER LLC
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: 954-524-2820
Facsimile:  954-524-2822

Attorneys for Plaintiff
Gabrielle Reynolds

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| GABRIELLE REYNOLDS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> US DEALER SERVICES INC. d/b/a US DEALER SERVICES, <br><br> Defendant. | CASE NO. <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, Gabrielle Reynolds (hereinafter "Plaintiff"), brings this class action under Rule 23 of the Federal Rules of Civil Procedure against US Dealer Services Inc. d/b/a US Dealer Services ("US Dealer Services" or "Defendant") for its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "the TCPA"), and the regulations promulgated thereunder.  In support, Plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant in negligently or willfully contacting Plaintiff on Plaintiff's cellular

-1-

telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2.      "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the [FCC]."[1]   The TCPA is designed to protect consumer privacy by, among other things, prohibiting the making of autodialed or prerecorded-voice calls to cell phone numbers and failing to institute appropriate do-not-call procedures. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(d).

3.      The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 744 (2012).

4.      Additionally, the FCC has explicitly stated that the TCPA's prohibition on automatic telephone dialing systems "encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls." U.S.C.A. Const. Amend. 5; Telephone Consumer Protection Act of 1991, § 3(a), 47 U.S.C. § 227(b)(1)(A)(iii). *Kramer v. Autobytel, Inc.,* 759 F. Supp. 2d 1165 (N.D. Cal. 2010).

5.      In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate

---

[1]      *In re Rules & Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, ¶ 1 (2015).

CLASS ACTION COMPLAINT

burden on the consumer.   TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

6.    In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

## JURISDICTION AND VENUE

7.    This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

8.    Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims in this case occurred in this District, including Defendant's transmission of the unlawful and unwanted calls to Plaintiff.

9.    The Court has personal jurisdiction over Defendant because it conducts business in this state, markets its services within this state, and has availed itself to the jurisdiction of this state by placing calls to Plaintiff and Class Members in and from this state.

## PARTIES

10.   Plaintiff's domicile is in Jacksonville, Florida.

11.   Defendant is a California Profit Corporation and citizen of the state of California, listing its principal address at 6837 Hayvenhurst Ave., Van Nuys CA 91406. US Dealer Services is also registered in the state of California.

12.   Defendant promotes and markets its services by calling wireless telephone users in violation of the TPCA.

13.   Defendant, directly or through other persons, entities or agents acting on its behalf, conspired to, agreed to, contributed to, authorized, assisted with, and/or otherwise caused all of the wrongful acts and omissions, including the dissemination of the unsolicited calls that are the subject matter of this Complaint.

## FACTUAL ALLEGATIONS

14.   At all times relevant, Plaintiff, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

15.   Defendant is a citizen of the State of California, and at all times mentioned herein was, a corporation and "persons," as defined by 47 U.S.C. § 153(39).

16.   At all times relevant Defendant conducted business in the State of California in Los Angeles County, within this judicial district.

17.   Defendant utilizes prerecorded telemarketing calls (i.e., calls using an artificial or prerecorded voice) to market and advertise Defendant's business and services, including at least five (5) calls to Plaintiff, from November 13, 2019 to March 24, 2020.

18.   Plaintiff knows the calls were robotic because of the distinctive nature of the sound, pauses, and the wording of the recordings were always the same.  The pre-recorded message on the calls that Plaintiff received from Defendant included the following: ". . .they must be extended before your vehicle reaches certain mileage. Again, press '5' to be connected to a warranty specialist."

19.   For example, on December 9, 2019, Defendant called Plaintiff's cellular telephone ending in "9327."  Plaintiff answered and heard a pre-recorded message

ask if she was interested in buying an extended car warranty.  Plaintiff clicked through to investigate the source of the unwanted calls and was eventually connected to a live agent. The agent then transferred her to another agent who provided Defendant's physical addresses. Plaintiff sent a letter to Defendant on December 9, 2019 instructing Defendant to stop placing all further telephone calls to her.

20.   Plaintiff continued to receive calls from Defendant.  Plaintiff placed calls to Defendant on January 7 and March 5, 2020, at which times she advised Defendant that she had previously sent a letter instructing Defendant to stop calling her and that she was still receiving unwanted calls from Defendant.  Plaintiff asked to talk to a supervisor and the agent refused to escalate the call to a Manager or Legal Department despite Plaintiff's request.

21.   Plaintiff continued to receive calls from Defendant.

22.   All of the phone calls resulted in Plaintiff's phone being unavailable to place or receive other calls and depleted the phone's battery. Plaintiff also spent time investigating the source of the call.

23.   All calls received by Plaintiff were the same in that each call started with a pre-recorded message then, after several seconds pause, the call was transferred to a live person.

24.   The telemarketing calls were made to Plaintiff's 9327 Number, and within the time period that is relevant to this action.

25.   At no time did Plaintiff provide Plaintiff's cellular number to Defendant through any medium, nor did Plaintiff consent to receive such unsolicited calls.

26.   Plaintiff has never signed-up for, and has never used, Defendant's services, and has never had any form of business relationship with Defendant.

27.  Plaintiff is the subscriber and sole user of the 9327 Number and is financially responsible for phone service to the 9327 Number, including the cellular

costs and data usage incurred as a result of the unlawful calls made to Plaintiff by Defendant.

28.   Additionally, Plaintiff has been registered on the National Do Not Call Registry since November 1, 2008.

29.   Through the unsolicited calls, Defendant contacted Plaintiff on Plaintiff's cellular telephone regarding an unsolicited service via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A).

30.   Upon information and belief, this ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

31.   Upon information and belief, this ATDS has the capacity to store numbers and to dial numbers without human intervention.

32.   Upon information and belief, Defendant used a combination of hardware and software systems which have the capacity to generate or store random or sequential numbers or to dial sequentially or randomly in an automated fashion without human intervention.

33.   Because Plaintiff was repeatedly called by Defendant using a prerecorded artificial voice, and then connected to a live person after a delayed pause, it demonstrates that Defendant used an ATDS to send the subject calls.

34.   The impersonal and generic nature of the prerecorded and artificial voice that Defendant sent to Plaintiff further demonstrates that Defendant used an ATDS to send the subject calls.

35.   The content of the calls made to Plaintiff and the Class Members show that they were for the purpose of marketing, advertising, and promoting Defendant's business and services to Plaintiff as part of an overall telemarketing strategy.

36.  These calls were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

37.  Plaintiff did not provide Defendant or its agents prior express consent to receive calls, including unsolicited calls, to her cellular telephone; therefore, the unsolicited calls violated 47 U.S.C. § 227(b)(1)

38.  Defendant is and was aware that it is placing unsolicited robocalls to Plaintiff and other consumers without their prior express consent.

39.  Defendant was previously sued in a putative TCPA class action in the United States District Court for the District of New Jersey in *Greenberg v. U.S. Dealer Services*, No. 3:19-cv-07109-MAS-LHG.

40.  Plaintiff was damaged by Defendant's calls. In addition to using Plaintiff's residential cellular data, phone storage, and battery life, her privacy was wrongfully invaded, her seclusion was intruded upon, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated, unwanted calls, forcing her to divert attention away from her work and other activities. Not only did the receipt of the robocalls distract Plaintiff away from her personal activities, Plaintiff was forced to spend time investigating the source of the calls and who sent them to her. *See Muransky v. Godiva Chocolatier, Inc.,* 905 F.3d 1200, 1211 (11th Cir. 2018). ("[T]ime wasting is an injury in fact"…. "[A] small injury… is enough for standing purposes").

## CLASS ACTION ALLEGATIONS

41.  Plaintiff brings this class action under Rule 23(a),(b)(2), and(b)(3) of the Federal Rules of Civil Procedure on behalf of herself and of a similarly situated "Class" or "Class Members" defined as:

> No Consent Class:  All persons within the United States who, within the four years prior to the filing of this Complaint, were called by Defendant or anyone on Defendant' behalf, to said person's cellular telephone number, advertising Defendant's services, without the

recipients prior express consent, using the same equipment used to call Plaintiff's cellular telephone, in violation of the TCPA.

<u>Do Not Call Registry Class:</u> All persons in the United States who from four years prior to the filing of this action (1) were called by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and/or services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.

42.   Excluded from the Class are Defendant, and any subsidiary or affiliate of Defendant, and the directors, officers and employees of Defendant or its subsidiaries or affiliates, and members of the federal judiciary.

43.   This action has been brought and may properly be maintained as a class action against Defendant pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable. Plaintiff reserves the right to amend the Class definition if discovery and further investigation reveal that any Class should be expanded or otherwise modified.

44.   **Numerosity**: At this time, Plaintiff does not know the exact number of Class Members, but among other things, given the nature of the claims and that Defendant's conduct consisted of standardized SPAM campaign calls placed to cellular telephone numbers, Plaintiff believes, at a minimum, there are greater than forty (40) Class Members.  Plaintiff believes that the Class is so numerous that joinder of all members of the Class is impracticable and the disposition of their claims in a class action rather than incremental individual actions will benefit the Parties and the Court by eliminating the possibility of inconsistent or varying adjudications of individual actions.

45.   Upon information and belief, a more precise Class size and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's calls and marketing records.

46.   Members of the Class may additionally or alternatively be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

47.   **Existence and Predominance of Common Questions of Fact and Law**: There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Class. Common questions of law and/or fact exist as to all members of the Class and predominate over the questions affecting individual Class members. These common legal and/or factual questions include, but are not limited to, the following:

    a.   Whether, within the four years prior to the filing of this Complaint, Defendant or its agents called (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing to any telephone number assigned to a cellular phone service;

    b.   How Defendant obtained the numbers of Plaintiff and Class members;

    c.   Whether Defendant called Plaintiff and Class Members using a prerecorded message or artificial voice;

    d.   Whether the dialing system used to call is an Automatic Telephone Dialing System;

    e.   Whether Defendant engaged in telemarketing when it called which are the subject of this lawsuit;

f. Whether the calls made to Plaintiff and Class Members violate the TCPA and its regulations;

g. Whether Defendant willfully or knowingly violated the TCPA or the rules prescribed under it;

h. Whether the calls made to Plaintiff and Class Members violate the Do Not Class Registry rules and regulations;

i. Whether Plaintiff and the members of the Class are entitled to statutory damages, treble damages, and attorney fees and costs for Defendant's acts and conduct;

j. Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct; and

k. Whether Plaintiff and the Class are entitled to any other relief.

48. One or more questions or issues of law and/or fact regarding Defendant's liability are common to all Class Members and predominate over any individual issues that may exist and may serve as a basis for class certification under Rule 23(c)(4).

49. **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same course of conduct that violates the TCPA.

50. Plaintiff and members of the Class each received at least one telephone call, advertising the Defendant's [enter description] products or services, which Defendant placed or caused to be placed to Plaintiff and the members of the Class.

51. **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately and vigorously represent and

-10-

protect the interests of the members of the Class and has no interests antagonistic to the members of the Class. Plaintiff has retained counsel competent and experienced in litigation in the federal courts, TCPA litigation, and class action litigation.

52. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Defendant by any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

53. **Class-Wide Injunctive Relief and Rule 23(b)(2):** Moreover, as an alternative to or in addition to certification of the Class under Rule 23(b)(3), class certification is warranted under Rule 23(b)(2) because Defendant has acted on grounds generally applicable to Plaintiff and members of Class, thereby making appropriate final injunctive relief with respect to Plaintiff and Class Members as a whole. Plaintiff seeks injunctive relief on behalf of Class Members on grounds generally applicable to the entire Class in order to enjoin and prevent Defendant

-11-

Defendant's ongoing violations of the TCPA, and to order Defendant to provide notice to them of their rights under the TCPA to statutory damages and to be free from unwanted calls.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b)

54.   Plaintiff incorporates by reference all of the allegations contained in all of the above paragraphs 1 through 53 of this Complaint as though fully stated herein.

55.   It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system. . .to any telephone number assigned to a . . . cellular telephone service . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

56.   Automatic telephone dialing system refers to "equipment which has the capacity---(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

57. Defendant—or third parties directed by Defendant—used equipment having the capacity to randomly or sequentially generate telephone numbers and to dial such numbers without human intervention to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class defined above.

58.   These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cellular phones of Plaintiff and the other members of the putative Class when its calls were made.

59.   Defendant has, therefore, violated Section 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone

1
2

calls to the cellular phones of Plaintiff and the other members of the putative Class without their prior express written consent.

3
4
5
6

60.   Furthermore, it is a violation of the TCPA "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior consent of the called party, unless the call is initiated for emergency purposes. . . ."  47 U.S.C. 227(b)(1)(B).

7
8
9

61.   Defendant—or third parties directed by Defendant—used an artificial or prerecorded voice to deliver messages to Plaintiff and other Class Members without prior consent.

10
11
12

62.   These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call any of these cellular phones.

13
14
15
16

63.   Defendant has, therefore, violated Section 227(b)(2) of the TCPA by initiating telephone class while using an artificial or prerecorded voice to deliver non-emergency telephone calls to the cellular phones of Plaintiff and the other members of the putative Class without their prior express written consent.

17
18
19

64.   The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227.

20
21
22

65.   As a result of Defendant's negligent violations of 47 U.S.C. § 227, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

23
24

66.   At all relevant times, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

25
26

67.   Defendant knew that it did not have prior express consent to make these calls and knew or should have known that its conduct violated the TCPA.

27
28

CLASS ACTION COMPLAINT

68.  Because Defendant knew or should have known that Plaintiff and Class Members did not give prior express consent to receive autodialed calls, the Court should treble the amount of statutory damages available to Plaintiff and members of the Putative Class pursuant to Section 227(b)(3)(C).

69.  Likewise, since Defendant knew or should have known that Plaintiff and Class Members did not give prior express consent to receive calls using artificial or prerecorded voice, the Court should treble the amount of statutory damages available to Plaintiff and members of the Putative Class pursuant to Section 227(b)(3).

70.  As a result of Defendant knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

71.  Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members relief against Defendant, as set forth in the Prayer for Relief below.

### COUNT II
### VIOLATION OF THE TCPA
### 47 U.S.C. § 227
### On Behalf of Plaintiff and the Do Not Call Registry Class

72.  Plaintiff incorporates by reference all of the allegations contained in all of the above paragraphs 1 through 53 of this Complaint as though fully stated herein.

73.  The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

74. 47 C.F.R. § 64.1200(e), provides that Sections 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers." [2]

75. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

76. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

77. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

78. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are

---

[2]. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf.

-15-

entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

79.   To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class relief against Defendant, individually and jointly, as set forth in the Prayer for Relief below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and in favor of the class, against Defendant for:

    a.  An order certifying this case as a class action, certifying Plaintiff as representative of the Class, and designating Plaintiff's counsel as Class counsel;

    b.  Statutory damages of $500 per call in violation of the TCPA;

    c.  Willful damages at $1,500 per call in violation of the TCPA;

    d.  Statutory damages of $500 per call in violation of the Do Not Call Registry;

    e.  Willful damages of $1,500 per call in violation of the Do Not Call Registry;

    f.  A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii);

    g.  An injunction prohibiting Defendant from using an automatic telephone dialing system to call numbers assigned to cellular telephones without the prior express written consent of the called party;

    h.  Reasonable attorney's fees and costs; and

    i.  Such further and other relief as this Court deems reasonable and just.

-16-

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff demands a trial by jury.

3

DATED:  April 24, 2020          EDWARDS POTTINGER LLC

4

5                                  By: */s/ Seth M. Lehrman*

6                                  Seth M. Lehrman
                                   Attorney for Plaintiff
7                                  GABRIELLE REYNOLDS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-17-